IN THE DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL KREPS, ET AL,

      Plaintiffs,

v.

MICHIGAN UNEMPLOYMENT
INSURANCE AGENCY, ET AL,

      Defendants.

Case No. 2:22-cv-12020

Hon. Mark A. Goldsmith

_____

**PLAINTIFF UAW'S REPLY BRIEF IN SUPPORT OF
ITS' MOTION FOR RECONSIDERATION**

Plaintiff UAW filed this Motion for Reconsideration directing the Court's attention to the notice letters that were previously provided on the record. Defendants objected. Defendants' Brief in Response in Opposition seems to boil down to two assertions; that strict compliance of the notice provisions is required (i.e., U.S. mail vs. email), and that UAW is required to provide notice of individual claimants impacting by a breach of the *Zynda* Settlement (rather than notice of the policies and practices that violate the *Zynda* Settlement). Both assertions are wrong. Reconsideration is proper to acknowledge to factual error and to revisit the legal standard for preliminary injunction.

### I.   THE UAW COMPLIED WITH THE NOTICE PROVISIONS IN ALL MATERIAL RESPECTS

The operative notice provisions of the Zynda Settlement require that notice be "made" to the Agency at its' headquarters. It does not specify by U.S. mail versus electronic mail. Moreover, Paragraph 23, requires the Agency to respond within ten days. The purpose of the notice provision is to provide the Agency time to Act before the necessity of Court intervention, not to excuse Agency non-compliance. Despite multiple notices of the specific policies and practices that the UAW believes are in violation, the Agency has not to this date responded with any proposal to cure. Under these circumstances, all material requirements of Paragraph 23 are satisfied by the Letters submitted on the record in the UAW's original briefing.

## II.  MICHIGAN LAW OF CONTRACT REQUIRES SUBSTANTIAL COMPLIANCE, NOT STRICT COMPLIANCE

In the instant matter, Plaintiff UAW provided actual notice of the breach and opportunity to cure. Even assuming the Agency's implied "U.S. mail only" requirement, strict compliance is not-required when the purpose of the contract provision is satisfied. It has long been established that Michigan's common law of contract requires substantial compliance, not strict compliance, with contractual terms.

> Michigan follows the substantial performance of contract rule. The common-law rule was that performance as a condition precedent to recovery on a contract must be strict performance in accordance with the terms of the contract… A contract is substantially performed when all the essentials necessary to the full accomplishment of the purposes for which the thing contracted has been performed with such approximation that a party obtains substantially what is called for by the contract.

*Gibson v. Group Ins. Co.,* 142 Mich. App. 271, 275 (Mich. Ct. App. 1985); *see also Mayor v. W. Va.* (*In re Eagle-Picher Indus.*), 285 F.3d 522, 525 fn. 3 (6th Cir. 2002) ("'In general, substantial compliance means that a party has "complied with the essential requirements, whether of a contract or of a statute.' Black's Law Dictionary 1428 (6th ed. 1991)").

The Agency has had many notices and many opportunities to cure. The September 2, 2021 and the November 14, 2022 were provided in Plaintiff UAW's Motion for Preliminary Injunction. (ECF No. 16-10, Page ID No. 592-616; ECF No.

16-13, Page ID 622-623). The September 2, 2021 Notice was sent by mail to the Zynda Liaison Kimberly Berry, but it did not list the Plaintiffs in the instant case (because the impacted claims would have only been known to the Agency). Ms. Berry received the letter but refused to confer on the matter, in part based on the claim that individual claimants were not listed. (ECF No. 16-11, Page ID No. 617-619). By November 14, 2022, Kimberly Berry was no longer Deputy Director and was then represented by Counsel in the Kreps Matter (as was the Agency). Plaintiff UAW had not intervened at that time and only sought to intervene on or about December 8, 2023.

Plaintiff UAW's November 14, 2023 Notice specifically identified the Plaintiffs in the Kreps matter as impacted individuals, but also repeated the request that Agency reform specific policies that violate specific bargained-for terms of the *Zynda Settlement*. The Agency has not disputed that its counsel received actual notice and opportunity to cure, only that the November 14, 2022 notice was not sent by U.S. mail. Neither of these Notices is deficient in any *material* respect. They adequately advise the Agency of the UAW's belief that the Agency is violating the Zynda Settlement and they provide an opportunity to cure. (The Agency also has *not* argued that it took any action to cure the breaches).

### III. FAILURE OF STRICT COMPLIANCE IS NO BAR TO ENFORCEMENT WHERE DEFENDANT IS ON ACTUAL NOTICE, NOT PREJUDICE BY THE ALLEGED DEFECT, AND/OR THE ALLEGED DEFECT HAS BEEN CURED

In substantial compliance states, non-material defects in a notice, or defects that have been subsequently cured, are not sufficient to bar enforcement of a contract. *See e.g., DC Farms, LLC v. Conagra Foods Lamb Weston, Inc.*, 179 Wn. App. 205, 220, 317 P.3d 543 (Wash. Ct. App. 2014) ("Only a breach or nonperformance of a promise by one party to a bilateral contract so material as to justify a refusal of the other party to perform a contractual duty discharges that duty"). Accordingly, "[a] nonmaterial or cured breach will not excuse a party's failure to perform." *Lake Hills Invs., LLC v. Rushforth Constr. Co.*, 14 Wn. App. 2d 617, 637, 472 P.3d 337 (Wash. Ct. App. 2020); *James Constr. Grp., LLC v. Westlake Chem. Corp.*, 650 S.W.3d 392, 405 (S. Ct. Tx. 2021) ("We hold that substantial compliance is the appropriate standard when evaluating whether a party complied with a contractual notice condition.")

The UAW has taken every action to cure and satisfy even strict compliance with the notice provisions. Even after the Court's Order on Plaintiff UAW's Motion for Preliminary Injunction, we again provided notice and opportunity to cure, via email only, to counsel for Ms. Berry and the Agency. (Ex. 1, July 19, 2023 Notice), making sure to identify specific plaintiffs, specific policies in violation, and specific provisions of the Zynda Settlement being violated. On August 2, 2023, the Agency counsel notified the UAW for the first time that a new Zynda Compliance Liaison had been appointed and that it is invoking its right to notice by W.S. mail. (Ex. 2).

On August 3, 2023, Plaintiff UAW sent yet another notice of non-compliance and opportunity to cure to Zynda Liaison Kimberly Breitmeyer, this time via U.S. mail as well as email to Ms. Breitmeyer and to Ms. Husband as Agency Counsel. (Ex. 3). By now it should be well established that the UAW's obligations regarding notice and opportunity to cure were in substantial compliance with the Zynda Settlement, and do not bar enforcement action.

In such actions, even the strictest enforcement regimes would provide dismissal *without prejudice* of the UAW claim, allowing it to be filed after the 30-day notice period has expired. Yet, the Agency has not now or ever indicated its interest in complying or even conferring on compliance. The UAW would consent to voluntary dismissal without prejudice and re-file if necessary for strict compliance. However, under the current circumstances, dismissal and refiling is unlikely to serve any purpose except to expend judicial resources on the Agency's immaterial cat-and-mouse notice game.

IV. **ZYNDA SETTLEMENT PLAINLY REQUIRES REFORM OF POLICIES AND PRACTICES, AND NOT MERELY INDIVIDUAL CLAIM REVIEW**

The second implication of Defendants' Response Brief is that the Zynda Settlement requires only that the Agency respond to specific claim files when brought to their attention and does not require enforceable changes to policies and practices. This argument is contrary to any common sense reading of the Zynda Settlement:

> The Defendants hereby specifically affirm Agency compliance with the following policies and practices regarding identification of overpayments and/or imposition of penalties or, to the extent necessary, to adopt or revise policies. The Agency shall bring its policies and practices in compliance within 90 days of this Settlement Agreement

(ECF No. 16-10, Page ID No. 597, Zynda Settlement at Para. 3); *see also Frazier v. Malek*, 591 Fed. Appx. 468, 470 (6th Cir. 2015, unpublished) (the settlement agreement does more than clarify existing policies—it unambiguously requires policy changes… [w]e discern no obstacle to the district court determining whether the Agency systematically has ignored these conditions and, if it has, ordering the appropriate remedy.) (Ex. 4).

The *Zynda* Agreement requires agency adoption of policies and procedures that comply with constitutional law and the terms of the *Zynda* Settlement, not contingent on future notice. *Zynda's* notice terms merely require notice of a violation *before enforcement*. Nowhere does the settlement suggest that compliance is contingent on UAW notice of specific claimants that were allegedly harmed by noncompliant policies. That information is in the Agency database, and not available to the Plaintiff UAW, except through discovery. There is no scenario where the parties to an enforceable settlement agreement would have agreed to compliance contingent on proof of individual violations.

## CONCLUSION

For thousands of Michiganders, three years have gone by with the Agency policies holding unemployment benefits on indefinite hold. For those awaiting their emergency assistance promised by the State, the injury continues to compound by the day. UI Claimants relied on the Agency promise of this pandemic relief. They stretched finances thin. They took out high interest loans and borrowed from college, retirement, or other savings - if they had them. Or their families have gone without. Most survived and made choices based on the Agency promises that they should watch their MiWAM account and look for updates in 7-14 days. Those that survived wait to this day - as the irreparable harm mounts.

Therefore, Plaintiff UAW seeks a ruling to correct the factual record and to revisit the Court's ruling that action to enforce the *Zynda* Settlement is precluded because of failure to provide notice. If there are other legal reasons why the Court believes preliminary injunction to enforce the contract cannot be granted, the Court may state so on the record.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Attorneys for Plaintiffs
221 North Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

Date: August 14, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2023, my paralegal, Natalie M. Walter, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

    Respectfully submitted,

    <u>/s/ David M. Blanchard</u>
    David M. Blanchard (P67190)
    Attorneys for Plaintiffs
    221 North Main Street, Suite 300
    Ann Arbor, MI 48104
    (734) 929-4313
    blanchard@bwlawonline.com