UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL KREPS, et al.,                    No. 2:22-cv-12020

     Plaintiffs,                    HON. MARK A. GOLDSMITH

v

MICHIGAN UNEMPLOYMENT            **DEFENDANT DIRECTOR**
INSURANCE AGENCY, et al.,        **JULIA DALE'S FIRST**
                                 **AMENDED ANSWER TO**
     Defendants.                 **SECOND AMENDED**
                                 **COMPLAINT, AFFIRMATIVE**
                                 **DEFENSES, AND JURY**
                                 **DEMAND**

_____

David M. Blanchard (P67190)      Edward Macey (P72939)
Attorney for Plaintiffs          Attorney for Plaintiff UAW
221 N. Main Street, Ste. 300     8000 E. Jefferson Ave
Ann Arbor, MI 48104              Detroit, MI 48214
(734) 929-4313                   (313) 926-5616

Shannon W. Husband (P60352)
Debbie Taylor (P59382)
Attorneys for Defendants
Department of Attorney General –
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
(313) 456-2200

_____/

1

Defendant Director Julia Dale[1], by and through her attorneys, Assistant Attorney General Shannon W. Husband and Assistant Attorney General Debbie K. Taylor, pursuant to Fed. R. Civ. P., Rule 15(a)(1), answers the enumerated paragraphs of Plaintiffs' Second Amended Complaint, presents her affirmative defenses, and requests a trial by jury.

## ANSWER

1.     Defendant admits that Plaintiffs filed a civil action but deny the remaining allegations in paragraph 1 for the reason they are untrue.

2.     Based on information and belief, Defendant denies the allegations in paragraph 2, including subparts a through c, as they are untrue.

3.     No response is required to paragraph 3 as the allegations set forth a legal conclusion.

4.     Based on information and belief, Defendant denies the allegations in paragraph 4 for the reason they are untrue.

5.     Based on information and belief, Defendant denies the

---

[1] Governor Whitmer appointed Julia Dale director in November 2021.

allegations in paragraph 5 for the reason they are untrue.

6.     Based upon information and belief, Defendant admits that the Michigan Unemployment Insurance and Defendant's predecessor consented to federal court jurisdiction before Judge Robert Cleland or his successor regarding settlement enforcement regarding the *Zynda* agreement.

7.     Defendant neither admits nor denies the allegations in paragraph 7 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations.

8.     Defendant neither admits nor denies the allegations in paragraph 8 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations.

9.     Based upon information and belief, Defendant admits that the individual Plaintiffs filed unemployment benefit claims, but neither admits nor denies the remaining allegations in paragraph 9 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations.

10.     Defendant denies the allegations in paragraph 10 for the reason they are untrue.  Further, no response is required to the extent

that a legal conclusion is made.

11.    No response is required to paragraph 11 as the allegations set forth a legal conclusion.

12.    No response is required to paragraph 12, including subparagraphs a through c, as the allegations set forth a legal conclusion.

13.    Defendant pleads no contest to paragraph 13 and avers that the United States Constitution amend. XIV, § 1, speaks for itself.

14.    Defendant pleads no contest to paragraph 14 and avers that 42 U.S.C. § 1983 speaks for itself.

15.    No response is required to paragraph 15 as the allegations set forth a legal conclusion.

16.    No response is required to paragraph 16 as the allegations set forth a legal conclusion.

17.    No response is required to paragraph 17 as the allegations set forth a legal conclusion.

18.    Defendant neither admits nor denies the allegations in paragraph 18 regarding jurisdiction as the allegation calls for a legal conclusion and therefore leaves Plaintiffs to their proofs.

19.     Defendant neither admits nor denies the allegations in paragraph 19 regarding jurisdiction as same calls for a legal conclusion and therefore leaves Plaintiffs to their proofs.

20.     Defendant neither admits nor denies the allegations in paragraph 20 regarding jurisdiction as same calls for a legal conclusion and therefore leaves Plaintiffs to their proofs.

21.     Based upon information and belief, Defendant admits that the individual plaintiffs filed for unemployment benefits, but denies the balance of the allegations in paragraph 21 as it calls for a legal conclusion and therefore leaves Plaintiffs to their proofs.

22.     Based upon information and belief, Defendant admits that the UAW is a labor union and that it was a party to the *Zynda* settlement agreement, but neither admits nor denies the remaining allegations in paragraph 22 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations.

23.     Regarding paragraph 23, based upon information and belief, Defendant admits that it the Unemployment Insurance Agency is the state agency responsible for administering unemployment benefits to

5

claimants and collection efforts.  In addition, Defendant admits that it has an office in Detroit, Michigan.

24.    Regarding paragraph 24, Defendant admits that she is the Director of the Michigan Unemployment Insurance Agency.  Defendant neither admits nor denies that she acts under color of state law and that she is being sued in both her official and individual capacities as these state legal conclusions.  Based upon information and belief, Defendant admits that she is responsible for overseeing the Agency, but denies the balance of the allegations and leave Plaintiffs to their proofs.

25.    Regarding paragraph 25, Defendant denies that Defendant Kimberly Berry is the Deputy Director of the Michigan Unemployment Insurance Agency.  Defendant neither admits nor denies that Defendant Berry acts under color of state law and is sued in her individual capacity as it states a legal conclusion.  Defendant admits that Defendant Berry was the designated liaison for the *Zynda* agreement for a period of time, but neither admits nor denies the remaining allegations in paragraph 25 in the manner and form alleged as it lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

6

26.     Regarding paragraph 26, Defendant denies that Defendant Teresa Burns is an Internal Controls Division Administrator of the Michigan Unemployment Insurance Agency.  Defendant neither admits nor denies that Defendant Burns acts under color of state law and is sued in her individual capacity as it states a legal conclusion. Defendant admits that Defendant Burns is a State Division Administrator with supervisory responsibilities, but denies the balance of the allegations.

27.     Based upon information and belief, Defendant admits that the Michigan Unemployment Insurance and Defendant's predecessor consented to federal court jurisdiction before Judge Robert Cleland or his successor regarding settlement enforcement regarding the *Zynda* agreement.

28.     Based upon information and belief, Defendant admits that the parties consented to federal court jurisdiction before Judge Robert Cleland or his successor regarding settlement enforcement regarding the *Zynda* agreement.

29.     Defendant admits that Plaintiffs sue her in her individual capacity but denies the remaining factual allegations in paragraph 29.

7

Further, no response is required to paragraph 29 as they set forth legal conclusions.

30.   Defendant denies the factual allegations in paragraph 30, including subparagraphs a through i.  Further, no response is required to paragraph 30, including subparagraphs a through i, as they set forth legal conclusions..

31.   No response is required to paragraph 31 as they set forth legal conclusions.

32.   Defendant denies the factual allegations in paragraph 32. Further, no response is required to paragraph 32 as they set forth legal conclusions.

33.   No response is required to paragraph 33 as the allegations set forth a legal conclusion.

34.   No response is required to paragraph 34 as the allegations set forth a legal conclusion.

35.   No response is required to paragraph 35 as the allegations set forth a legal conclusion.

36.   No response is required to paragraph 36 as the allegations set forth a legal conclusion.  Further, no response is required because

this Court denied Plaintiff UAW's request for injunctive relief.  Dkt. 33.

37.    Based upon information and belief, Defendant denies that the UAW provided notice of the Agency's non-compliance and an opportunity to cure violations of the rights secured in the *Zynda* Settlement regarding its member prior to the initiation of this lawsuit.

38.    Defendant denies the allegations in paragraph 38 as they are untrue.

39.    No response is required to paragraph 39 as the allegations set forth a legal conclusion.  Further, no response is required because this Court denied Plaintiff UAW's request for injunctive relief.  Dkt. 33.

40.    No response is required to paragraph 40 as the allegations set forth a legal conclusion.  Further, no response is required because this Court denied Plaintiff UAW's request for injunctive relief.  Dkt. 33.

41.    No response is required to paragraph 41 as the allegations set forth a legal conclusion.  Further, no response is required because this Court denied Plaintiff UAW's request for injunctive relief.  Dkt. 33.

42.    No response is required to paragraph 42 as the allegations set forth a legal conclusion.  Further, no response is required because this Court denied Plaintiff UAW's request for injunctive relief.  Dkt. 33.

9

43.    No response is required to paragraph 43 as the allegations set forth a legal conclusion.  Further, no response is required because this Court denied Plaintiff UAW's request for injunctive relief.  Dkt. 33.

44.    No response is required to paragraph 44 as the allegations set forth a legal conclusion.  Further, no response is required because this Court denied Plaintiff UAW's request for injunctive relief.  Dkt. 33.

45.    Defendant neither admits nor denies the allegations in paragraph 45 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

46.    Based upon information and belief, Defendant admits that Defendant Agency issued a monetary determination finding Plaintiff Kreps monetary eligible for a regular unemployment benefits.

47.    Based upon information and belief, Defendant admits that the August 5, 2020, monetary determination calculated Plaintiff Kreps weekly benefit amount to be $362.

48.    Based upon information and belief, Defendant admits that Defendant Agency has not issued payments to Plaintiff Kreps. Defendant neither admits nor denies the remaining allegations in

paragraph 48 in the manner and form alleged as it lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

49.　Based upon information and belief, Defendant admits that Defendant Agency has not issued payments to Plaintiff Kreps because he has not responded to Defendant Agency's March 4, 2022 request to provide a valid payment method.

50.　Defendant denies that Plaintiff Kreps has no recourse to obtain payment.

51.　Defendant neither admits nor denies the allegations in paragraph 51 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

52.　Based upon information and belief, Defendant denies that she is improperly withholding Plaintiff Kreps' payments.

53.　Defendant neither admits nor denies the allegations in paragraph 53 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

54.    Defendant neither admits nor denies the allegations in paragraph 54 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

55.    Based upon information and belief, Defendant admits that Plaintiff Boudrie applied for unemployment benefits and that Defendant Agency monetarily approved her for benefits.

56.    Based upon information and belief, Defendant admits that Defendant Agency paid Boudrie unemployment benefits for the weeks ending of April 11, 2020 through August 22, 2020.

57.    Regarding when Plaintiff Boudrie received the November 6, 2020 Notice of Determination, Defendant neither admits nor denies the allegations in paragraph 57 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

58.    Regarding undated Agency notes, Defendant neither admits nor denies the allegations in paragraph 58 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

59.     Based upon information and belief, Defendant admits that Boudrie protested the Determination within 30 days.  Based upon information and belief, Defendant admit that Defendant Agency has not issued a redetermination yet.

60.     Regarding undated Agency notes, Defendant neither admits nor denies the allegations in paragraph 60 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

61.     Based upon information and belief, Defendant admits that the November 6, 2020 Notice of Determination is not legally final because she filed a protest within 30 days of the issuance.

62.     Based upon information and belief, Defendant admits that Defendant Agency mistakenly and inadvertently sent Plaintiff Boudrie a monthly statement in December 2020.  Defendant did not send the monthly statement.

63.     Defendant denies that she intentionally ignored Boudrie's protest in favor of threatening collection activity and she did not send any monthly statements or take any collection action since March 24, 2021.

13

64.     Based upon information and belief, Defendant admits that Defendant Agency mistakenly and inadvertently sent a monthly statement on March 24, 2021, but it has not collected any monies. Defendant did not send any statements nor collect any monies,

65.     Defendant denies continuing to take collection action against Boudrie after March 2021.

66.     Defendant denies that Plaintiff Boudrie has no remedies to avoid collection activity as Defendant Agency paused collection on all claims filed after March 2020 to comply with the state court injunction.

67.     Defendant neither admits nor denies the allegations in paragraph 67 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

68.     Defendant neither admits nor denies the allegations in paragraph 68 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

69.     Defendant neither admits nor denies the allegations regarding his reasonable fears in paragraph 69 in the manner and form

14

alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.  Defendant denies that Plaintiff Boudrie will be subject to collection given the collections pause.

70.     Based upon information and belief, Defendant admits that Plaintiff Brazil filed an unemployment claim for pandemic unemployment assistance benefits in 2020.

71.     Based upon information and belief, Defendant admits that Defendant Agency issued a monetary determination calculating his weekly benefit amount at $160 on April 23, 2020.

72.     Based upon information and belief, Defendant admits that there is a stop payment indicator regarding Plaintiff Brazil's account for several weeks, but Defendant neither admits nor denies the allegations in paragraph 72 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.  Defendant did not add the stop payment indicator.

73.     Based upon information and belief, Defendant admits that Defendant Agency sent Plaintiff Brazil a request to verify his identify

on May 26, 2020 and that he responded to the request.  Defendant admits that Defendant Agency did not issue payments.

74.     Based upon information and belief, Defendant admits that on February 1, 2021 and March 8, 2021, Defendant Agency issued a monetary redeterminations and a notice of additional entitlement to Plaintiff Brazil.  Based upon information and belief, Defendant admits that Defendant Agency did not issue payments.

75.     Regarding the undated notes in the file, Defendant neither admits nor denies the allegations in paragraph 75 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

76.     Based upon information and belief, Defendant admits that Defendant Agency paid Plaintiff Brazil benefits for the weeks ending April 25, 2020 through June 27, 2020.

77.     Based upon information and belief, Defendant admits that Defendant Agency issued a Notice of Determination finding Plaintiff Brazil ineligible for benefits on September 13, 2021, starting June 28, 2020 going forward.

78.     Defendant denies that Defendant Agency's September 2021

Determination is not final and denies that Plaintiff Brazil filed a protest or appeal.

79.    Based upon information and belief, Defendant admits that Defendant Agency has not issued any payments since week ending June 27, 2020.

80.    Defendant neither admits nor denies the allegations in paragraph 80 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs..

81.    Defendant neither admits nor denies the allegations in paragraph 81 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.  Defendant denies that Plaintiff Brazil will be subject to collection given the present collections pause.

82.    Defendant neither admits nor denies the allegations in paragraph 82 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

83.    Based upon information and belief, Defendant admits that in

17

October 2020, Plaintiff Shipe  applied  for  unemployment benefits and that Defendant Agency issued a monetary determination allowing the claim.

84.     Based upon information and belief, Defendant admits that Defendant Agency issued a favorable determination on December 15, 2020.

85.     Based upon information and belief, Defendant admits that Defendant Agency did not pay Plaintiff Shipe.

86.     Based upon information and belief, Defendant admits that Defendant Agency issued an unfavorable redetermination on January 8, 2021.

87.     Based upon information and belief, Defendant admits that Defendant Agency has yet to respond to her appeal regarding the January 8, 2021 redetermination, but said response would be moot.

88.     Based upon information and belief, Defendant admits Defendant Agency issued an unfavorable redetermination on June 15, 2021.

89.     Based upon information and belief, Defendant admits that Plaintiff Shipe's appeal was timely.

90.    Based upon information and belief, Defendant admits that Defendant Agency did not provide a hearing as hearings are provided by the Michigan Office of Administrative Hearings and Rules.

91.    Based upon information and belief, Defendant denies that she deleted her appeal, but admits that Defendant Agency issued another adverse decision in May 2022.

92.    Based upon information and belief, Defendant admits that an administrative law judge found her appeal to the May 2022 decision timely.

93.    Defendant neither admits nor denies the allegations in paragraph 93 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

94.    Based upon information and belief, Defendant admits that Defendant Agency has not yet issued payment to Plaintiff Shipe.

95.    Based upon information and belief, Defendant denies that she is suspending payments improperly.

96.    Defendant neither admits nor denies the allegations in paragraph 96 in the manner and form alleged as she lacks knowledge or

19

information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

97.   Defendant neither admits nor denies the allegations in paragraph 97 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

98.   Based upon information and belief, Defendant admits that on April 23, 2020, Defendant Agency found Plaintiff I.F. monetary eligible for benefits and calculated her weekly benefit amount at $160.

99.   Based upon information and belief, Defendant admits that Defendant Agency ceased payments in January 2021.

100.   Based upon information and belief, Defendant admits that on February 1, 2021, Defendant Agency issued a Monetary Redetermination to I.F. again finding her eligible for a $160.00 WBA.

101.   Based upon information and belief, Defendant admits that Defendant Agency issued favorable redeterminations on March 8, 2021 and March 22, 2021.

102.  Based upon information and belief, Defendant admit that Defendant Agency issued an unfavorable determination in April 2021,

finding her ineligible starting September 6, 2020 going forward.

103.   Based upon information and belief, Defendant admits that Plaintiff I.F. protested and availed herself of the appeals process. Based upon information and belief, Defendant admits that Defendant Agency did not issue payments to her during this period.

104.   Based upon information and belief, Defendant admits that Plaintiff I.F. received a favorable decision from the Unemployment Insurance Appeals Commission in July 2022.

105.   Defendant neither admits nor denies the allegations in paragraph 105 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

106.   Defendant neither admits nor denies the allegations in paragraph 106 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

107.   Based upon information and belief, Defendant admits that Defendant Agency issued a monetary determination on April 23, 2020, finding her monetarily eligible to establish a claim.

108. Based upon information and belief, Defendant admits Defendant Agency paid Plaintiff Holifield until July 1, 2020.

109. Based upon information and belief, Defendant admits that Defendant Agency issued two unfavorable (re)determinations between July 16, 2020 and October 16, 2020.

110. Based upon information and belief, Defendant admits that Defendant Agency found Plaintiff Holifield ineligible for benefits pursuant to state law.

111. Based upon information and belief, Defendant admits that Holifield appealed the adverse decisions.

112. Based upon information and belief, Defendant admits that Plaintiff Holifield received a favor decision from the Appeals Commission on July 29, 2022.

113. Based upon information and belief, Defendant admits that Defendant Agency did not immediately issue her unemployment payments.

114. Defendant neither admits nor denies the allegations in paragraph 114 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves

22

Plaintiffs to their proofs.

115.   Defendant neither admits nor denies the allegations in paragraph 115 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

116.   Defendant neither admits nor denies the allegations in paragraph 116 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

117.   Based upon information and belief, Defendant admits that Defendant Agency issued a favorable monetary determination in April 2020 and paid him on his claim until April 28, 2021.

118.   Based upon information and belief, Defendant admits that Defendant Agency issued an unfavorable redetermination on December 3, 2021.

119.   Based upon information and belief, Defendant admits that Defendant Agency inadvertently failed to file his timely protest or appeal.

120.   Based upon information and belief, Defendant admits that

Defendant Agency mistakenly sent Plaintiff Brainer a collection notice. Defendant did not send a collection notice.

121.   Based upon information and belief, Defendant admits that Defendant Agency engaged in collection activity one month prior to his administrative hearing.  Defendant did not engage in collection activity.

122.   Based upon information and belief, Defendant admits that a taxing authority intercepted his income tax refund to satisfy his debt to Defendant Agency.

123.   Based upon information and belief, Defendant admits that Plaintiff Brainer received a favorable decision from the Michigan Office of Administrative Hearings and Rules in January 2023.

124.   Defendant neither admits nor denies the allegations in paragraph 124 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

125.   Based upon information and belief, Defendant admits that Defendant Agency issues a favorable monetary determination on April 8, 2020.  In April of 2020, Defendant Agency determined she was eligible for UI benefits and began paying.

24

126.   Based upon information and belief, on July 20, 2020, Defendant admits that Defendant Agency found Plaintiff Quigg disqualified for a regular claim.

127.   Based upon information and belief, Defendant admits that on July 20, 2020, Defendant Agency issued a favorable PUA monetary determination.

128.   Based upon information and belief, Defendant admits that Defendant Agency paid Plaintiff Quigg from July 23, 2020 to September 3, 2020.

129.   Defendant neither admits nor denies the allegations in paragraph 129 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

130.   Based upon information and belief, Defendant admits that Defendant Agency issued an unfavorable on March 26, 2021.

131.   Based upon information and belief, Defendant admits that Defendant Agency determined that no misrepresentation occurred, but that she was improperly paid.

132.   Based upon information and belief, Defendant admits that

Quigg appealed the adverse decision.

133.   Based upon information and belief, Defendant admits that Quigg received a favorable decision from an administrative law judge in February 2022.

134.   Based upon information and belief, Defendant admits that Defendant Agency issued her payments in April 2022.   Defendant neither admits nor denies the remaining allegations in paragraph 134 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

135.   Defendant neither admits nor denies the allegations in paragraph 135 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

136.   Based upon information and belief, Defendant admits that Defendant Agency issued a favorable monetary determination in May 2020.   Based upon information and belief, Defendant further admit that Defendant Agency only paid him for one week of his claim in 2020.

137.   Based upon information and belief, Defendant admits that

Defendant Agency paid Plaintiff Andrew Myrold in May 2021 for weeks ending August 8, 2020 through December 12, 2020 and January 23, 2021 through February 27, 2021.

138.   Based upon information and belief, Defendant admits that Defendant Agency issued an unfavorable decision in July 2021, which sought repayment of improperly paid benefits.

139.   Based upon information and belief, Defendant admits that Plaintiff Andrew Myrold availed himself of the appeal process and later received a favorable decision.

140.   Based upon information and belief, Defendant admits that Defendant Agency did not pay Plaintiff Andrew Myrold for weeks between March 2020 and July 2020 for a variety of reasons.

141.   Based upon information and belief, Defendant admits that Defendant Agency issued a favorable monetary determination to Plaintiff Patricia Myrold in May 2020 and issued her payments shortly thereafter.  Based upon information and belief, Defendant admits that Defendant Agency issued no additional payments until May 2021.

142.   Based upon information and belief, Defendant admits that Defendant Agency has not issued payments to Plaintiff Patricia Myrold

from weeks in May, June, and July 2020.

143.  Based upon information and belief, Defendant admits that Plaintiff Patricia Myrold needs to file an additional claim and that she can do so.

144.  Defendant neither admits nor denies the allegations in paragraph 144 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

145.  Defendant neither admits nor denies the allegations in paragraph 145 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiffs to their proofs.

146.  Based upon information and belief, Defendant admits that Defendant Agency possesses executive authority to operate pursuant to state law, known as the Michigan Employment Security Act ("MESA" or the "Act"), MCL 421.1 *et seq.*, and various executive orders and state regulations.

147.  Based upon information and belief, Defendant admits that Defendant Agency operates Michigan's unemployment insurance

program.

148.   Defendant admits that she oversees Defendant Agency, along with other individuals.

149.   Based upon information and belief, Defendant admits that Defendant Agency's authority and jurisdiction is defined and limited by the MESA, as well as federal law.

150.   Based upon information and belief, Defendant admits that Defendant Agency must comply with relevant state and federal law, but denies that it must comply with amendments and instructions and leaves Plaintiffs to their proofs.

151.   Based upon information and belief, Defendant admits that Defendant Agency is required to administer CARES Act benefits pursuant to their contract with the United States Department of Labor.

152.   Based upon information and belief, Defendant admits that the State of Michigan receives money from the federal government to operate its unemployment insurance program.

153.   Based upon information and belief, Defendant admits that states must comply with federal law to be eligible for federal funds.  No response is required regarding the balance of paragraph 153 as it sets

forth a legal conclusion.

154.   Based upon information and belief, Defendant admits that Defendant Agency collects employer contributions and reimbursements, deposits those funds into the unemployment benefit fund, and pays eligible and qualified claimants from that fund pursuant to state law. Based upon information and belief, Defendant admits that due to the onset of the COVID-19 pandemic, the federal government provided additional funds for claimants with traditional state claims as well as those who were not eligible or qualified for traditional state claims.

155.   No response is required to paragraph 155 as it sets forth a legal conclusion.

156.   No response is required to paragraph 156 as it sets forth a legal conclusion.

157.   No response is required to paragraph 157 as it sets forth a legal conclusion.

158.   No response is required to paragraph 158 as it sets forth a legal conclusion.

159.   No response is required to paragraph 159 as it sets forth a legal conclusion.

160. No response is required to paragraph 160 as it sets forth a legal conclusion.

161. Based upon information and belief, Defendant admits that Defendant Agency and her predecessor executed a settlement agreement with the UAW pursuant to the *Zynda* litigation on January 31, 2017.

162. Based upon information and belief, Defendant admits that on February 2, 2017, Judge Robert Cleland entered a Stipulated Order of Dismissal, dismissing the *Zynda* lawsuit and retaining jurisdiction for the purpose of enforcing the terms of the Court's Order and the *Zynda* Settlement Agreement.

163. Defendant pleads no contest to paragraph 163 and avers that the *Zynda* agreement, paragraph 13, speaks for itself.

164. Defendant pleads no contest to paragraph 164 and avers that the *Zynda* agreement, paragraph 14, speaks for itself.

165. Based upon information and belief, Defendant admits that Plaintiffs' Counsel attempted to provide notice to Defendant Berry via First Class Mail and E-Mail, putting her on notice of alleged violations of the *Zynda* Settlement regarding non-UAW members. Based upon

information and belief, Defendant admit that Defendant Agency

responded to the notice and denied the allegations.

166.   No response is required to paragraph 166 as it sets forth a

legal conclusion.

167.   No response is required to paragraph 167 as it sets forth a

legal conclusion.

168.   No response is required to paragraph 168 as it sets forth a

legal conclusion.

169.   No response is required to paragraph 169 as it sets forth a

legal conclusion.

170.   No response is required to paragraph 170 as it sets forth a

legal conclusion.

171.   No response is required to paragraph 171 as it sets forth a

legal conclusion.

172.   Based upon information and belief, Defendant admits that

Defendant Agency was permitted to provide PUA to individuals not

eligible for regular unemployment, such as those who are self-employed,

those seeking only part-time employment, or those who otherwise would

not qualify for regular unemployment compensation.

173. No response is required to paragraph 173 as it sets forth a legal conclusion.

174. Based upon information and belief, Defendant denies the allegations in paragraph 174 for the reason they are untrue.

175. No response is required to paragraph 175 as it sets forth a legal conclusion.

176. To the extent that Plaintiffs are alleging substantive due process violations no response is required to paragraph 176, as this Court dismissed Plaintiffs' substantive due process claims. Dkt. 33.

177. No response is required to paragraph 177 as it sets forth a legal conclusion.

178. No response is required to paragraph 178 as it sets forth a legal conclusion.

179. No response is required to paragraph 179 as it sets forth a legal conclusion.

180. To the extent that Plaintiffs are alleging substantive due process violations, no response is required to paragraph 180, as this Court dismissed Plaintiffs' substantive due process claims. Dkt. 33. Further, no response is required regarding the remaining allegations in

paragraph 180 as it sets forth a legal conclusion.

181.  Based upon information and belief, Defendant denies the allegation in paragraph 181 as they are untrue.

182.  No response is required to paragraph 182 as it sets forth a legal conclusion.  To the extent that a response is required, Defendant denies the allegations as they are untrue.

183.  No response is required to paragraph 183 as it sets forth a legal conclusion.  To the extent that a response is required, Defendant denies the allegations as they are untrue.

184.  Defendant denies that she intentionally engages in premature collection activity against Plaintiffs and other Class members while protests and appeals are pending due to the institution of a collections pause initiated in December 2022.

185.  Defendant denies that she intentionally engages in collection activity against Plaintiffs and other Class members despite Determinations in claimants' favor due to a collections pause initiated in December 2022.

186.  Defendant denies the allegations in paragraph 186 as they are untrue.

187.   Defendant neither admits nor denies the allegations in paragraph 187 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

188.   Defendant neither admits nor denies the allegations in paragraph 188 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

189.   Defendant neither admits nor denies the allegations in paragraph 189 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

190.   Defendant admit that the individual Plaintiffs brings this matter as a class action but deny that they are entitled to said relief.

191.   Based upon information and belief, Defendant denies the allegations in paragraph 191 as they are untrue.

192.   Defendant neither admits nor denies the allegations in paragraph 192 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leave

Plaintiffs to their proof.

193.   Defendant neither admits nor denies the allegations in paragraph 193 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

194.   Based upon information and belief, Defendant denies the allegations in paragraph 194 as they are untrue.

195.   Based upon information and belief, Defendant denies the allegations in paragraph 195 as they are untrue.

196.   Based upon information and belief, Defendant denies the allegations in paragraph 196 as they are untrue.

197.   Based upon information and belief, Defendant denies the allegations regarding a blanket policy to arbitrarily freeze payments in paragraph 197 as they are untrue.  Defendant neither admits nor denies the remaining allegations in paragraph 197 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

198.   Based upon information and belief, Defendant denies the allegations in paragraph 198 as they are untrue.

199.  Based upon information and belief, Defendant denies the allegations in paragraph 199 as they are untrue.

200.  Defendant neither admits nor denies the allegations in paragraph 200 in the manner and form alleged as it lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

201.  Based upon information and belief, Defendant denies the allegations in paragraph 201 as they are untrue.

202.  No response is required to paragraph 202 as it sets forth a legal conclusion.

203.  No response is required to paragraph 203 as it sets forth a legal conclusion.

204.  No response is required to paragraph 204 as it sets forth a legal conclusion.

205.  No response is required to paragraph 205, including subparagraphs a through b, as it sets forth a legal conclusion.

206.  No response is required to paragraph 206 as it sets forth a legal conclusion.

207.  No response is required to paragraph 207, including

subparagraphs a through c, as it sets forth a legal conclusion.

208.   No response is required to paragraph 208 as it sets forth a legal conclusion.

209.   No response is required to paragraph 209 as it sets forth a legal conclusion.

210.   No response is required to paragraph 210 as it sets forth a legal conclusion.

211.   No response is required to paragraph 211 as it sets forth a legal conclusion.

212.   Defendant admit that the individual Plaintiffs brings this matter as a class action but deny that they are entitled to said relief.

213.   Based upon information and belief, Defendant denies the allegations in paragraph 213 as they are untrue.

214.   Based upon information and belief, Defendant denies the allegations in paragraph 214 as they are untrue.

215.   Based upon information and belief, Defendant denies the allegations in paragraph 215 as they are untrue.

216.   Based upon information and belief, Defendant denies the allegations in paragraph 216 as they are untrue.

217.  Based upon information and belief, Defendant denies the allegations in paragraph 217 as they are untrue.

218.  Based upon information and belief, Defendant denies the allegations in paragraph 218 as they are untrue.

219.  Based upon information and belief, Defendant admits that collections activity may include wage garnishment of wages or income tax refund interceptions.

220.  Based upon information and belief, Defendant denies the allegations in paragraph 220 as they are untrue.

221.  Based upon information and belief, Defendant denies the allegations in paragraph 221 as they are untrue.

222.  Based upon information and belief, Defendant denies the allegations in paragraph 222 as they are untrue.

223.  Based upon information and belief, Defendant denies the allegations in paragraph 223 as they are untrue.

224.  No response is required to paragraph 224 as it sets forth a legal conclusion.

225.  No response is required to paragraph 225 as it sets forth a legal conclusion.

226.    No response is required to paragraph 226 as it sets forth a legal conclusion.

227.    No response is required to paragraph 227 as it sets forth a legal conclusion.

228.    No response is required to paragraph 228, including subparagraphs a through d, as it sets forth a legal conclusion limitation.

229.    No response is required to paragraph 229 as it sets forth a legal conclusion.

230.    No response is required to paragraph 230, including subparagraphs a through d, as it sets forth a legal conclusion.

231.    No response is required to paragraph 231 as it sets forth a legal conclusion.

232.    No response is required to paragraph 232 as it sets forth a legal conclusion.

233.    No response is required to paragraph 233 as it sets forth a legal conclusion.

234.    No response is required to paragraph 234 as it sets forth a legal conclusion.

235.    Defendant admit that the individual Plaintiffs brings this

matter as a class action but deny that they are entitled to said relief.

236.   No response is required to paragraph 236 as it sets forth a legal conclusion.

237.   No response is required to paragraph 237 as it sets forth a legal conclusion.

238.   Based upon information and belief, Defendant denies the allegations in paragraph 238 as they are not true.

239.   Based upon information and belief, Defendant denies the allegations in paragraph 239, including subparagraphs a through d, as they are untrue.

240.   Based upon information and belief, Defendant denies the allegations in paragraph 240 as they are untrue.

241.   No response is required to paragraph 241 as it sets forth a legal conclusion.

242.   No response is required to paragraph 242 as it sets forth a legal conclusion.

243.   No response is required to paragraph 243, including subparagraphs a through d, as it sets forth a legal conclusion.

244.   No response is required to paragraph 244 as it sets forth a

legal conclusion.

245.   No response is required to paragraph 245, including subparagraphs a through c, as it sets forth a legal conclusion.

246.   No response is required to paragraph 246 as it sets forth a legal conclusion.

247.   No response is required to paragraph 247 as it sets forth a legal conclusion.

248.   No response is required to paragraph 248 as it sets forth a legal conclusion.

249.   No response is required as Plaintiffs "hereby incorporate[d] by reference and reassert[ed] the allegations set forth above in their complaint.

250.   Defendant pleads no contest as the United States Constitution amend. XIV, § 1 speaks for itself.

251.   No response is required to paragraph 251 as it sets forth a legal conclusion.

252.   No response is required to paragraph 252 as it sets forth a legal conclusion.

253.   No response is required to paragraph 253 as it sets forth a

legal conclusion.

254.     No response is required to paragraph 254 as it sets forth a legal conclusion.

255.   No response is required to paragraph 255 as it sets forth a legal conclusion.

256.   Based upon information and belief, Defendant denies the allegations in paragraph 256 as they are untrue.

257.   No response is required to paragraph 257 as it sets forth a legal conclusion.

258.   Defendant neither admits nor denies the allegations in paragraph 258 in the manner and form alleged as it lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

259.   Defendant neither admits nor denies the allegations in paragraph 259 in the manner and form alleged as it lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

260.   Defendant denies the factual allegations in paragraph 260. Further, no response is required to paragraph 260, as they set forth

legal conclusions.

261. To the extent that Plaintiffs are alleging substantive due process violations against Defendant, no response is required to paragraph 261, as this Court dismissed Plaintiffs' substantive due process claims.  Dkt. 33.  As to the remaining allegations, no response is required as they set forth legal conclusions.

262.  Defendant admit that the individual Plaintiffs brings this matter as a class action but deny that they are entitled to said relief.  Further, no response is required regarding injunctive relief because this Court denied Plaintiff UAW's request for injunctive relief.  Dkt. 33.

263.  No response is required as Plaintiffs "hereby incorporate[d] by reference and reassert[ed] the allegations set forth above in their complaint.

264.  Defendant pleads no contest as the United States Constitution amend. XIV, § 1 speaks for itself.

265.  No response is required to paragraph 265 as it sets forth a legal conclusion.

266.  Based upon information and belief, Defendant admits that Defendant Agency has issued ineligibility (re)determinations, but

denies that Defendant Agency intentionally delayed adjudicating protests or appeals.

267. Based on information and belief, Defendant denies the allegations of paragraph 267 as they are untrue.

268. No response is required to paragraph 268 as it sets forth a legal conclusion.

269. No response is required to paragraph 269 as it sets forth a legal conclusion.

270. Defendant neither admits nor denies the allegations in paragraph 270 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

271. Defendant neither admits nor denies the allegations in paragraph 271 in the manner and form alleged as she lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

272. No response is required to paragraph 272 as it sets forth a legal conclusion regarding the Defendant's liability. As to the balance of the paragraph 272, Defendant admits that her predecessor consented

to Judge Robert Cleland or his successor having jurisdiction to enforce the *Zynda* settlement agreement.

273.  Defendant denies the factual allegations in paragraph 273. Further, no response is required to paragraph 273, as they set forth legal conclusions.

274.  To the extent that Plaintiffs are alleging substantive due process violations against Defendant, no response is required to paragraph 274, as this Court dismissed Plaintiffs' substantive due process claims.  Dkt. 33.  As to the remaining allegations, no response is required as they set forth legal conclusions.

275.  Defendant admit that the individual Plaintiffs brings this matter as a class action but deny that they are entitled to said relief. Further, no response is required regarding injunctive relief because this Court denied Plaintiff UAW's request for injunctive relief.  Dkt. 33.

276.  No response is required as Plaintiffs "hereby incorporate[d] by reference and reassert[ed] the allegations set forth above in their complaint.

277.  Defendant pleads no contest as he United States Constitution amend. XIV, § 1 and amend. IV speak for themselves.

278.  No response is required to paragraph 278 as it sets forth a legal conclusion.

279.  No response is required to paragraph 279 as it sets forth a legal conclusion.

280.  To the extent that Plaintiffs are alleging substantive due process violations against Defendant, no response is required to paragraph 280, as this Court dismissed Plaintiffs' substantive due process claims.  Dkt. 33.  As to the remaining allegations, no response is required as they set forth legal conclusions.

281.  No response is required to paragraph 281 as it sets forth a legal conclusion.

282.  No response is required to paragraph 282 as it sets forth a legal conclusion.

283.  No response is required to paragraph 283 as it sets forth a legal conclusion.

284.  No response is required to paragraph 284 as it sets forth a legal conclusion.

285.  No response is required to paragraph 285 as it sets forth a legal conclusion.

286.  No response is required to paragraph 286 as it sets forth a legal conclusion.

287.  No response is required to paragraph 287 as it sets forth a legal conclusion.

288.  Based upon information and belief, Defendant admits that Defendant Agency required to administer CARES Act benefits pursuant to their contract with the United States Department of Labor.

289.  No response is required to paragraph 289 as it sets forth a legal conclusion.

290.  No response is required to paragraph 290 as it sets forth a legal conclusion.

291.  No response is required to paragraph 291 as it sets forth a legal conclusion.

292.  Based upon information and belief, Defendant deny the allegations in paragraph 292 as they are untrue.

293.  Defendant neither admits nor denies the allegations in paragraph 293 in the manner and form alleged as it lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

294.  No response is required to paragraph 294 as it sets forth a legal conclusion.

295.  No response is required to paragraph 295 as it sets forth a legal conclusion.

296.  Defendant neither admits nor denies the allegations in paragraph 296 in the manner and form alleged as it lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

297.  Defendant neither admits nor denies the allegations in paragraph 297 in the manner and form alleged as it lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

298.  No response is required to paragraph 298 as it sets forth a legal conclusion regarding the Defendant's liability.  As to the balance of the paragraph 298, Defendant admits that her predecessor consented to Judge Robert Cleland or his successor having jurisdiction to enforce the *Zynda* settlement agreement.

299.  Defendant denies the factual allegations in paragraph 299. Further, no response is required to paragraph 299, as they set forth

legal conclusions.

300.  To the extent that Plaintiffs are alleging substantive due process violations no response is required to paragraph 300, as this Court dismissed Plaintiffs' substantive due process claims.  Dkt. 33.  No response is required to the balance of paragraph 300 as it sets forth a legal conclusion.

301.  Defendant admit that the individual Plaintiffs brings this matter as a class action but deny that they are entitled to said relief. Further, no response is required regarding injunctive relief because this Court denied Plaintiff UAW's request for injunctive relief.  Dkt. 33.

302.  No response is required as Plaintiffs "hereby incorporate[d] by reference and reassert[ed] the allegations set forth above in their complaint.

303.  No response is required to paragraph 303 as it sets forth a legal conclusion.

304.  No response is required to paragraph 304 as it sets forth a legal conclusion.

305.  No response is required to paragraph 305 as it sets forth a legal conclusion.

306.   Based upon information and belief, Defendant denies the allegations in paragraph 306 as untrue.

307.   Defendant neither admits nor denies the allegations in paragraph 307 in the manner and form alleged as it lacks knowledge or information sufficient to form a belief as to the allegations and leave Plaintiffs to their proofs.

308.   No response is required to paragraph 308 as it sets forth a legal conclusion.

309.  No response is required to paragraph 309 as it sets forth a legal conclusion.

310.   No response is required to paragraph 310 as it sets forth a legal conclusion regarding the Defendant's liability.  As to the balance of the paragraph 310, Defendant admits that her predecessor consented to Judge Robert Cleland or his successor having jurisdiction to enforce the *Zynda* settlement agreement.

## AFFIRMATIVE DEFENSES

Defendant submits the following affirmative defenses:

1.   Plaintiffs fail to state a cognizable claim against this Defendant for which relief can be granted.

2.     Plaintiffs' claims are barred in whole or in part because this Defendant did not cause their damages.

3.     Plaintiffs' claims are barred in whole or in part because they failed to mitigate their damages, if any.

4.     Plaintiffs' claims are barred by the doctrines of laches or unclean hands.

5.     Plaintiffs' claims are barred by collateral estoppel, res judicata, or judicial estoppel.

6.     Plaintiffs' claims are barred in whole or in part because granting the relief requested would result in their unjust enrichment.

7.     Plaintiffs' claims are barred by the applicable statute of limitations.

8.     Plaintiffs' claims are barred by immunity.

9.     Defendant reserves the right to amend its answer and affirmative defenses and assert third-party or cross claims as permitted by the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all causes of action, defenses, and issues so triable.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiffs' Second Amended Complaint and award costs and attorney fees so wrongfully incurred in the defense of this action.

Respectfully submitted,

*/s/ Shannon W. Husband*
Shannon W. Husband (P60352)
Debbie Taylor (P59382)
Assistant Attorneys General
Attorneys for Defendants
Department of Attorney General
– Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
(313) 456-2200
husbands1@michigan.gov
P60352

Dated:  September 8, 2023