UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL KREPS et al.,

    Plaintiffs,

Case No. 22-12020

v.

HON. MARK A. GOLDSMITH

MICHIGAN UNEMPLOYMENT INSURANCE
AGENCY et al.,

    Defendants.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 35)**

Before the Court is a motion filed by Plaintiff International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW) (Dkt. 35) seeking reconsideration of this Court's denial of UAW's motion for a preliminary injunction in this Court's July 12, 2023 opinion and order (Dkt. 33). For the reasons that follow, the Court denies the UAW's motion for reconsideration.[1]

### I. BACKGROUND

The UAW filed a motion for preliminary injunction seeking to force Defendant Michigan Unemployment Insurance Agency (UIA) and its officials to comply with the terms of a settlement agreement entered in <u>Zynda et al. v. Arwood et al.</u>, No. 2:15-cv-11449 (E.D. Mich.), to which the UAW, certain unemployment insurance claimants, and UIA officials were parties. <u>See</u> Mot. for Prelim. Inj. (Dkt. 16); Zynda Settlement Ag. (No. 15-11449, Dkt. 51). The UAW alleges that the

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. <u>See</u> E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the UAW's motion, the briefing includes Defendants' response (Dkt. 40) and the UAW's reply (Dkt. 43).

UIA has violated provisions prohibiting the agency from seeking to recover overpayments due from claimants before determinations on those overpayments are final and claimants have had the opportunity to exhaust their appeal rights. See Zynda Settlement Ag. at PageID.1649.

This Court denied the UAW's motion upon consideration of the four factors applicable to a request for a preliminary injunction. See 7/12/23 Op. & Order at 23–26 (citing Thompson v. DeWine, 976 F.3d 610, 615 (6th Cir. 2020)). As to the likelihood that the UAW would succeed on the merits, the Court noted that, under the terms of the Zynda agreement, parties to that agreement were required to "give the Agency written notice" of any non-compliance as well as "the opportunity to cure such breach." Id. at 25 (quoting Zynda Settlement Ag. at PageID.1651). This Court observed that Defendants had argued that the UAW's provision of notice was insufficient because none of the individuals who were party to the Zynda agreement had provided written notice before they commenced the present suit. Id. (citing Br. in Supp. Resp. to Mot. Prelim. Inj. at 17). The Court found that the UAW had failed to respond to this argument in its reply, and "[w]ithout the benefit of the UAW's position," the Court found that the UAW was not likely to prevail on the success of its claims under the Zynda agreement. Id.

The other relevant factors also weighed against a grant of the UAW's motion. As to the likelihood that the UAW would suffer irreparable harm in the absence of preliminary relief, the Court noted that the UAW's members were "already shielded from imminent, irreparable harm without any action by this Court" because the Michigan Court of Claims had entered an injunction in Saunders v. Mich. Unemployment Ins. Agency, No. 2022-000007-MM prohibiting the UIA "'from engaging in collection efforts until after the administrative process ha[d] run its course,'" 7/12/23 Op. & Order at 26 (quoting Saunders 8/11/22 Op. & Order at 17 (Dkt. 19-2)). Additionally, the balance of equities and the public interest weighed in favor of allowing the

2

agency to "continue its operations unimpeded" at this stage of the case. Id. at 26 (citing Thompson, 976 F.3d at 615).

The UAW now seeks reconsideration of the denial of its motion for a preliminary injunction.

## II. ANALYSIS

Motions for reconsideration may be brought on three grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(A)–(C). The Court construes the UAW's position as an argument that this Court made a mistake under Local Rule 7.1(h)(2)(A).[2]

Challenging this Court's finding that the UAW is unlikely to prevail on the merits of its breach-of-contract claim, the UAW argues that it complied with the notice requirements of the Zynda agreement and that it "submitted proof of notice and opportunity to cure" on the record before this Court. Br. in Supp. Mot. Recons. at 1. Specifically, the UAW observes that—in response to Defendants' argument that its efforts at notice were insufficient—the UAW brought to the Court's attention a letter sent to Defendants' counsel on November 14, 2022. See Br. in

---

[2] The UAW argues that a Court can grant a motion for reconsideration where the movant can (i) "demonstrate a palpable defect by which the court and the parties have been misled" and (ii) "show that correcting the defect will result in a different disposition of the case." Br. in Supp. Mot. for Recons. at 1 (citing Ford Motor Co. v. Greatdomains.Com, Inc., 177 F. Supp. 2d 628, 631 (E.D. Mich. 2001)). However, the UAW relies on cases that were decided prior to updates to the district's local rules, which allow for reconsideration "only" on the grounds identified above. E.D. Mich. LR 7.1(h)(2) (emphasis in original).

3

Supp. Mot. Recons. at 2–5 (citing Reply in Supp. Mot. Prelim. Inj. (Dkt. 24); 11/14/22 Letter (Dkt. 24-4)). The UAW considers this notice to be its "most recent[]" provision of notice adequate to comply with the Zynda agreement. Id. at 3.

But the November 14, 2022 letter does not demonstrate that the UAW complied with the Zynda notice requirements, and so it does not show that this Court made a mistake in finding that the UAW was unlikely to succeed on the merits. The November 14 letter is deficient as a notice of breach under the plain terms of the Zynda agreement. The Zynda agreement requires that notice be sent to the UIA Deputy Director at a specifically designated address. See Zynda Settlement Ag. at PageID.1652. The November 14 letter is addressed only to Defendants' counsel in the case before this Court, at an address distinct from the one identified in the Zynda agreement. See 11/14/22 Letter at PageID.1138. Further, the letter was sent after Plaintiffs filed the present lawsuit on August 26, 2022, and so—based only on the text of the letter and the Zynda agreement, which the Court had available for review when ruling on the preliminary-injunction motion—the November 14 letter could not have "provid[ed] the opportunity to cure" any purported breach before the UAW resorted to litigation. Zynda Settlement Ag. at PageID.1651.

The UAW now asserts additional arguments that it failed to present in response to Defendants' challenge to the sufficiency of notice in the briefing on the UAW's preliminary-injunction motion. The UAW calls the Court's attention to a September 16, 2021 letter that it sent to the UIA Deputy Director at the designated address before Plaintiffs filed this action. See Br. in Supp. Mot. Recons. at 3. But the UAW is incorrect that the November 14, 2022 letter "clearly references" this prior notice such that the November 14 letter could be said to "incorporate" any notice provided in the earlier letter. Id. at 4. Neither the UAW's reply in support of its preliminary-injunction motion nor the November 14 letter explicitly identifies the September 16 letter, and it

4

was no mistake of the Court's to rely on the materials presented in the UAW's reply when considering the merits of Defendants' challenge to the sufficiency of the UAW's provision of notice. See Reply in Supp. Mot. Prelim. Inj. at 3 (identifying November 14 letter as "yet another letter regarding noncompliance" without identifying the September 16 letter); 11/14/22 Letter at PageID.1138 (noting that "[t]he UAW wrote the Agency last year . . . to address several noted violations").

The UAW also argues that it has met the substantial-compliance standard applicable to breach-of-contract claims under Michigan law, and it submits that it has provided Defendants with additional notices following the briefing on its motion for a preliminary injunction. Reply in Supp. Mot. for Recons. at 3–5. But "[t]hese new arguments are improper in a motion for reconsideration," Werdlow v. Caruso, No. 09-11009, 2011 WL 52608, at *1 (E.D. Mich. Jan. 7, 2011), and they do nothing to show that this Court made a mistake when ruling on the UAW's motion for a preliminary injunction.

Further, as Defendants observe, see Resp. to Mot. for Recons. at 8, the UAW has addressed only one of the four factors relevant to determining whether a preliminary injunction is proper. The UAW does not challenge this Court's finding that it would not suffer irreparable harm without action by this Court because an injunction issued by the Michigan Court of Claims is already in place to protect claimants from the UIA practices opposed by Plaintiffs. See 7/12/23 Op. & Order at 25–26. To the contrary, the UAW acknowledges that "ongoing collection activity of the UIA is temporarily halted." Reply in Supp. Mot. for Recons. at 6 n.2. And the UAW has not addressed this Court's findings that the public interest and the balance of equities weigh in favor of this Court declining to interfere with the UIA's procedures at this early stage of the case. Therefore, even if the UAW were correct that this Court had made a mistake as to one prong the analysis, it has not

5

carried its burden of showing that "correcting the mistake changes the outcome of the prior decision." E.D. Mich. LR 7.1(h)(2)(A).

The UAW may ultimately prevail on the merits of its breach-of-contract claim—perhaps on the basis of the September 16, 2021 letter, the November 14, 2022 letter, some subsequent provision of notice, or an argument based on substantial compliance and an analysis of Michigan contract law. But given the presentation of the issues in the briefing on the UAW's motion for preliminary injunction, this Court made no mistake which, if corrected, would change the outcome of its prior decision. See id.

### III.  CONCLUSION

For the reasons stated above, the Court denies the UAW's motion for reconsideration (Dkt. 35).

SO ORDERED.

Dated: September 14, 2023        s/Mark A. Goldsmith
      Detroit, Michigan        MARK A. GOLDSMITH
                                            United States District Judge